### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**GEORGE DONNELLY,**

        **Plaintiff,**

v.                                             **Case No:  6:18-cv-128-Orl-28DCI**

**BLUE WATER TILE & STONE, LLC**
**and CHAD AKINS,**

        **Defendants.**

___

### REPORT AND RECOMMENDATION

This cause comes before the Court *sua sponte*. On July 12, 2018, the Court entered an Order allowing counsel for Defendants to withdraw. Doc. 24. In that Order, the Court provided Defendant Blue Water Tile and Stone, LLC (Blue Water) until August 13, 2018 to obtain new counsel, noting that an entity such as Blue Water was not permitted to proceed in this case without counsel admitted to practice law in this Court. *Id*. at 2 (citing Local Rule 2.03(e)). The Court noted that Defendant Chad Akins would proceed *pro se* unless and until he retained counsel. *Id*. Finally, the Court ordered that: "**On or before August 20, 2018**, the parties shall file a case management report in the event that the parties have not yet settled the case." *Id*. (emphasis in original).

On August 15, Plaintiff file a motion for entry of default judgment against Blue Water. Doc. 25.

On August 20, 2018, at 3:47 p.m. on the date of the deadline to file the case management report, Plaintiff filed a motion seeking to extend the time to file the case management report for 30 days to allow the Court to rule on the motion for default judgment. Doc. 26. That motion failed

to include a certification pursuant to Local Rule 3.01(g), or any indication whatsoever that Plaintiff conferred with Mr. Akins prior to filing the motion. Doc. 26.

On August 22, 2018, the Court entered an order denying Plaintiff's motion for default judgment against Blue Water for failure to obtain Clerk's default and failure to comply with Local Rule 3.01(a). Doc. 27 (the Order). Since that time, Plaintiff has not moved for Clerk's default against Blue Water or renewed its motion for default judgment against Blue Water.

In the Order, the Court also denied the motion to extend the time to file the case management report. Doc. 27. The Court ordered Plaintiff to show cause, on or before September 6, 2018, why he should not be sanctioned for his failure to comply with the Court's prior order (Doc. 24) and why the case should not be dismissed for lack of prosecution as to Mr. Akins. Plaintiff did not file a response to the Court's Order to Show Cause.

Given Plaintiff's failure to file a case management report, failure to comply with the Court's prior order (Doc. 24), and failure to respond to the Court's Order to Show Cause (Doc. 27), the undersigned finds that this case should be dismissed as to Mr. Akins. Fed. R. Civ. P. 41(b). Further, given that Plaintiff has not moved for entry of Clerk's default against Blue Water despite more than 60 days having passed since Blue Water's deadline to obtain new counsel, the undersigned finds that this case should be dismissed as to Blue Water for failure to prosecute. Fed. R. Civ. P. 41(b).

Accordingly, it is **RECOMMENDED** that the Complaint (Doc. 1) be **DISMISSED without prejudice** and that this case be closed.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written

objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

    Recommended in Orlando, Florida on October 23, 2018.

                                        DANIEL C. IRICK
                                        UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy